IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARAY ANTHONY MADDOX             :
                                 :
    v.                           :    Civil Action No. DKC 14-1936
                                      Criminal No. DKC 08-0430-002
                                 :
UNITED STATES OF AMERICA         :
                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) a motion filed by Petitioner Laray Anthony Maddox ("Petitioner") to correct his sentence under 28 U.S.C. § 2255 (ECF No. 134); (2) a motion to dismiss Petitioner's motion to vacate filed by Respondent United States of America ("Respondent") (ECF No. 165); and (3) an unopposed motion to seal filed by Respondent (ECF No. 166). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to correct sentence will be denied, the motion to dismiss will be granted, and the motion to seal will be granted.

I. **Background**

On December 4, 2008, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. § 846 and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No. 56). On June 8, 2009, Petitioner

was sentenced.  Based on two prior Maryland convictions for second degree assault, he was found to be a career offender and received a sentence enhancement pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines") § 4B1.1.  He was sentenced to 180 months.  (ECF No. 165, at 1-2).

On March 19, 2014, Petitioner's sentence was reduced to 92 months because of a change in the Sentencing Guidelines made retroactive pursuant to 28 U.S.C. § 994(u).  (ECF No. 128).  On June 14, 2014, Petitioner filed a motion to correct sentence under 28 U.S.C. § 2255.  The motion did not "fully brief the issues presented" and requested "leave to supplement this petition at a later time."  (ECF No. 134).  On November 21, 2014, Petitioner's sentence was reduced to 77 months because of another change in the Sentencing Guidelines.  (ECF No. 157).  On May 18, 2015, Petitioner began a five-year term of supervised relief.  (ECF No. 157).

On August 3, 2016, when Petitioner had still not supplemented his motion after more than two years, Petitioner was ordered to show cause as to why his motion should not be denied as moot noting that Petitioner had served his term of imprisonment.  (ECF No. 161).  Petitioner responded arguing that the petition was not moot because his supervised release was a form of custody.  He asserted timeliness on the ground that *Descamps v. United* States, 133 S.Ct. 2276 (2013), established a

new right and he had filed the petition within one year of the decision. Based on his interpretation of *Descamps*, he requested the court reduce his term of supervised release because he was no longer a career offender under the Sentencing Guidelines. (ECF No. 162). In its response, Respondent argued that the motion was untimely because *Descamps* had not established a new right, the claim was procedurally defaulted, challenges to the application of the career offender guidelines are not cognizable in a collateral review, and the term of supervised release was appropriate. (ECF No. 165).

## II. Analysis

A one-year statute of limitations applies to habeas petitions filed under 28 U.S.C. § 2255. Section 2255(f) provides that:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner asserts timeliness pursuant to 28 U.S.C. § 2255(f)(3) arguing that *Descamps* established a new right made retroactively applicable. *Descamps*, however, only "clarified whether courts may apply the modified categorical approach to assess, for [Armed Career Criminal Act] sentencing enhancement purposes, the violent nature of a defendant's prior conviction under an indivisible criminal statute[.]" *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013). In *Descamps*, the Court stated outright that a sentencing court could not use the modified categorical approach for an indivisible statute. *Descamps*, 133 S.Ct. at 2285. There, precedent had "all but resolve[d]" the issue, *id.* at 2283, and a different result "would [have] contravene[d] [the Court's] prior decisions and the principles underlying them," *id.* at 2282. Thus, *Descamps* did not establish a new rule of law but applied an existing one. *United States v. Morgan*, 845 F.3d 664, 667 (5th Cir. 2017) ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule — its holding merely clarified existing precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the

4

general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*."); *United States v. Montes*, 570 F.App'x 830, 831 (10th Cir. 2014) ("*Descamps* decision did not recognize a new right."); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule"). Therefore, Petitioner's motion, filed more than five years after judgment was entered, will be denied as untimely, *see* 28 U.S.C. § 2255(f)(1), and Respondent's motion to dismiss will be granted. (ECF No. 165).

**III. Motion to Seal**

Because Respondent's motion to dismiss has limited public value, much of the information is already available, and it contains personal and confidential information, the unopposed motion to seal Respondent's motion to dismiss will be granted. *See In re Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984).

**IV. Conclusion**

For the foregoing reasons, the motion to correct sentence under 28 U.S.C. § 2255 filed by Petitioner will be denied, the motion to dismiss filed by Respondent will be granted, and the motion to seal filed by Respondent will be granted.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). Where a motion is denied on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon review of the record, the court finds that Petitioner does not satisfy the above standards. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

A separate order will follow.

                                                       /s/
                              DEBORAH K. CHASANOW
                              United States District Judge